1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11    G.D.M.A.,                              Case No. 1:26-cv-00938-JLT-SKO (HC)

12                    Petitioner,            ORDER GRANTING THE PETITION FOR
                                            HABEAS CORPUS; GRANTING MOTION
13    v.                                     TO PROCEED UNDER PSEUDONYM; AND
                                            ORDERING PETITIONER'S IMMEDIATE
14    CHRISTOPHER CHESTNUT, et al.,          RELEASE[1]

15                    Respondents.           (Docs. 1, 2, 4.)

16
                            **I.      INTRODUCTION**
17
            Before the Court for decision is G.D.M.A.'s request for a temporary restraining order
18
      (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28
19
      U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed their response
20
      to the TRO and the underlying petition asserting only that the petitioner is subject to mandatory
21
      detention, a legal position that this Court has rejected repeatedly. (Doc. 9.) Thus, the Court
22
      **GRANTS** the petition for writ of habeas corpus. Furthermore, the Court **GRANTS** Petitioner's
23
      Motion to Proceed Under Pseudonym. (Doc. 4.)
24
                            **II.      LEGAL STANDARD**
25
            The Constitution guarantees that the writ of habeas corpus is "available to every
26

27    _____

28    [1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 9 at 2) Because
      the Court orders the immediate release of the petition and grants the underlying petition, the motion for temporary
      restraining order (Doc. 2) is **MOOT**.

1   individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

2   (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

3   power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

4   laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

5   in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.*

6   *R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

7                    **III.    FACTUAL & PROCEDURAL BACKGROUND**

8            Petitioner is a 23-year-old asylum seeker from Nicaragua who entered the United States

9   on December 3, 2022, at which time he was apprehended by the Department of Homeland

10  Security. (Doc. 2 at 6.) On December 5, 2022, Petitioner was released from immigration custody

11  on humanitarian parole. (Doc. 2 at 6.) Petitioner asserts that he complied with all the conditions

12  of his parole, including attending all ICE check-ins and appointments with immigration

13  authorities. (*Id*.) On the occasions that the ISAP reporting software malfunctioned, Petitioner

14  contends that he contacted ISAP officers who ensured him it was not an issue. (Doc. 2 at 7.)

15  Upon release from detention, Petitioner built a life in San Jose, where he lives with his fiancé

16  and his young child. (Doc. 2-4 at 3.) He maintained a clean criminal record, worked two jobs as

17  a gardener and a cook, and applied for asylum. (*Id*.)

18          On January 2, 2026, Petitioner was arrested when he reported to a regular ICE check-in.

19  (Doc. 2 at 6.) Immigration officials informed Petitioner that he was being arrested for

20  noncompliance with virtual check-in. (Doc. 2-4 at 4.) When Petitioner tried to show officials

21  proof of compliance on his phone, his phone was taken from him. (*Id*.) He is currently being

22  detained at the California City Detention Facility in California City, California. (*Id*. at 7.)

23  Petitioner has since been suffering from medical issues during his detention. (Doc. 2 at 28.)

24          The government opposes the issuance of preliminary injunctive relief and maintains that

25  Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C.

26  § 1225(b)(2). (*See generally* Doc. 9.) In taking this position, they cite two non-binding opinions

27  but make no effort to distinguish this current case from the numerous cases issued by the

28  undersigned, finding this legal position to be incorrect and the detention unlawful. *Id.*; *J.S.H.M.*

1    *v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v.*

2    *Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025);

3    *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24,

4    2025) See e.g., *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal.

5    Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D.

6    Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D.

7    Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889

8    (E.D. Cal. Jan. 20, 2026).. Thus, for the reasons set forth, the Court **ORDERS:**

9        1.        The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the

10    orders cited above;

11        2.        Respondents are **ORDERED** to release the petitioner **IMMEDIATELY**;

12        3.        Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner

13    unless the government provides notice to Petitioner a minimum of seven days in advance and

14    holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable

15    regulations, at which Petitioner's eligibility for bond must be considered, and where the

16    government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or

17    danger to the community, such that physical custody is legally justified[2];

18        4.        The Clerk of Court is directed to close this case and enter judgment for Petitioner

19
20    IT IS SO ORDERED.

21        Dated:   **February 20, 2026**                                    *Jennifer L. Thurston*
                                                                          UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28    [2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing
      consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.